# UNITED STATES DISTRICT COURT
for the
District of Connecticut

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
9-14-2020
Robin D. Tabora, Clerk
By_____ Deputy Clerk

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 20-mj-00782 (WIG)
the Premises Known and Described as 1 Austin Drive, )
Fairfield, CT, and closed containers and electronic )
devices contained therein. )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of Connecticut
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before 9/27/2020 *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 9/14/2020 3:28pm        s/William I. Garfinkel
                                              *Judge's signature*

City and state: Bpt, CT        Hon. William I. Garfinkel, U.S. Magistrate Judge
                               *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## PLACE TO BE SEARCHED

The Subject Premises, depicted below, are particularly described as a white single-family home located at 1 Austin Drive, Fairfield, CT. The Subject Premises can be accessed via a private driveway marked by a mailbox to which the number "1" is affixed. The front door of the Subject Premises is painted white with a half-moon shaped window in the upper portion.



# ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

The items to be seized from the Subject Premises consist of the following evidence, fruits, and instrumentalities of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) and extortion (including extortionate extensions of credit, extortionate debt collection, and financing of the same), in violation of 18 U.S.C. §§ 892, 893, 894, and 1951 (the "Subject Offenses") described as follows:

a. Evidence concerning occupancy or ownership of the Subject Premises, including without limitation titles, utility and telephone bills, mail envelopes, addressed correspondence, identification documents, and address books;

b. Evidence concerning the identity or location of, and communications with, co-conspirators, including without limitation photographs, diaries, contact lists, and address books;

c. Evidence concerning the identity or location of, and communications with, victims or intended victims, including without limitation photographs, contact lists, address books, and ledgers or other records of debts;

d. Evidence concerning extortion and the extortionate extension of credit (loansharking), including but not limited to, bank accounts, lists of debtors, ledgers;

e. Evidence of proceeds of the Subject Offenses, including without limitation United States or foreign currency, ledgers or other records of debts, bank statements, receipts, tax returns evidencing the absence of legitimate income, property such as jewelry, art, fine furniture, and other *valuable* goods which would constitute evidence of unexplained wealth;

f. Evidence concerning safety deposit boxes, storage units, or ownership of other real estate where evidence, fruits, or instrumentalities of the Subject Offenses might be found;

g. Any safes, key-lock strong boxes, and other types of locked or closed containers that may contain any of the items described in paragraphs (a) through (f) above; and

h. Any cellular phones and SIM cards, which have indicia of ownership, dominion, or control by the Target Subject, to be searched for any of the items described in paragraphs (a) through (f) above, as well as:

   1. Evidence of who used, owned, or controlled the electronic device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords,

documents, browsing history, user profiles, email, email contacts, "chats," instant messaging logs, photographs, and correspondence;

2. Evidence of the times the electronic device was used;

3. Passwords, encryption keys, and other access devices that may be necessary to access the electronic device;

4. Documentation and manuals that may be necessary to access the electronic device or to conduct a forensic examination of the electronic device;

5. Contextual information necessary to understand the other information recovered.