UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE: SEARCH WARRANT | Case No. 20mj782 (RMS)

September 23, 2022

**MOTION TO UNSEAL SEARCH WARRANT, CONTINUE SEALING UNREDACTED AFFIDAVIT IN SUPPORT, AND FILE REDACTED PROCESS**

In regard to two search warrant matters, i.e., 20mj782, and 20mj794, certain documents were sealed by order of the court. The government hereby moves to (i) UNSEAL the Search Warrant and Application (Docket Nos. 1 and 2) in each matter, (ii) CONTINUE SEALING the unredacted Affidavit in Support of Search Warrant (Docket No. 1-1) ("Affidavit") in each matter, (iii) PUBICLY FILE a redacted version of the Affidavit in Support of Search Warrant in each matter, (iv) CONTINUE SEALING the prior motions for continued sealing (Docket Nos. 9, 16 in 20mj782 and Nos. 11, 14 in 20mj794), and (v) UNSEAL the prior sealing orders (Docket Nos. 14, 17 in 20mj782, and Nos. 12, 15 in 20 mj794).

*Background*

On September 14, 2020, upon application of the United States, the Honorable William I. Garfinkel, United States Magistrate Judge, District of Connecticut, issued a search warrant for a Target's residence, which warrant was assigned case number 20mj782 ("Warrant-1"). Law enforcement intended to execute Warrant-1 on September 16, 2020 but determined that they had incorrectly identified the address of the residence to be searched. No search was conducted pursuant to Warrant-1. Rather, the United States submitted a new application for a search warrant containing the corrected address. Other than the corrected address of the residence, the application was substantively the same as that submitted in connection with Warrant-1.

On September 16, 2020, upon application of the United States, Judge Garfinkel issued a

search warrant for the residence with the corrected address, which warrant was assigned case number 20mj794 ("Warrant-2"). Pursuant to Warrant-2, the correct residence was searched on September 16, 2020.

On both September 14, 2020 and September 16, 2020, Judge Garfinkel granted the motions of the United States, made in accordance with Rule 57 of the Local Rules of Criminal Procedure, to seal the Application for Search Warrant (Docket No. 1), the Affidavit in Support of Search Warrant (Docket No. 1-1), the Search Warrant (Docket. No. 2), the Motion to Seal (Docket No. 3), and the Order to Seal (Docket No. 4) for the respective warrants for a period of six months, until March 15, 2021 or further order of the Court.[1]

On March 15, 2021, in 20mj782, the Honorable Sarah A. L. Merriam, United States Magistrate Judge, District of Connecticut signed an order (Docket No. 8) extending sealing of the Application for Search Warrant (Docket No. 1), the Affidavit in Support of Search Warrant (Docket No. 1-1), and the Search Warrant (Docket No. 2) with respect to Warrant-1, through September 10, 2021. Similarly, on March 16, 2021, in 20mj794, the Honorable Robert M. Spector, United States Magistrate Judge, District of Connecticut, signed an order (Docket No. 10) extending the sealing of the Application for Search Warrant (Docket No. 1), the Affidavit in Support of Search Warrant (Docket No. 1-1), and the Search Warrant (Docket No. 2) with respect to Warrant-2 through September 10, 2021.

On September 9, 2021, the Government filed simultaneous motions to continue sealing certain documents, *see* Docket No. 9 in 20mj782 and Docket No. 11 in 20mj794, for a period of six months until March 10, 2022. Sealing was also requested for the motions themselves, as the motions contain detailed reasons to support the requested sealing, including details about the

---

[1] Judge Garfinkel retired prior to March 15, 2021 and the two matters were randomly assigned to different United States Magistrate Judges for the District of Connecticut.

dangers posed to individuals who are known to the targets and may be potential witness(es) or confidential source(s).

On September 22, 2021, after the matter of 20mj782 was transferred to the Honorable Robert M. Spector, United States Magistrate Judge, District of Connecticut, he signed an order (Docket No. 14) extending sealing through March 10, 2022 for the Application for Search Warrant (Docket No. 1), the Affidavit in Support of Search Warrant (Docket No. 1-1), and the Search Warrant (Docket No. 2), as well as the Sealed Motion and Order for continued sealing (Docket Nos. 9, 14). The Court further ordered sealing of the unredacted search warrant return and acknowledged the public filing of a redacted return. *See* Docket No. 15. As to Warrant-2, the Court also granted the government's motion (Docket No. 11 in 20mj794) and ordered continued sealing through March 10, 2022.

In March 2022, simultaneous motions were filed in 20mj782 and 20mj794 (Docket Nos. 16 and 14, respectively) and the court ordered continued sealing of certain documents for six months. In the matter of 20mj782, the court granted sealing of: the Application (Docket No. 1), Affidavit (Docket No. 1-1), and the Search Warrant (Docket No. 2), as well as sealing motions (Docket Nos. 10, 16) and sealing orders (Docket 14, 17); and, in matter number 20mj794: the Application (Docket No. 1), Affidavit (Docket No. 1-1), and the Search Warrant (Docket No. 2), as well as sealing motions (Docket Nos. 11, 14) and sealing orders (Docket 12, 15). The court granted the requested sealing until September 2022 in both cases.

*Indictment Returned in Another District*

Since the last motions to seal were filed, the target (whose Connecticut residence was searched) and four co-conspirators have been indicted in another district. The prosecution is in the pretrial phase and the current trial date is set for October 27, 2022.

Accordingly, in matter 20mj782, the government now seeks to UNSEAL the Application (Docket No. 1), the Search Warrant (Docket No. 2), and the sealing orders (Docket Nos. 14, 17) because the reasons that supported sealing of these documents are no longer compelling. Likewise, in matter 20mj794, the government now seeks to UNSEAL the Application (Docket No. 1), the Search Warrant (Docket No. 2), and the sealing orders (Docket Nos. 12, 15) because the reasons supporting sealing of these documents are no longer compelling.

In contrast, compelling reasons justify the continued sealing of the Affidavit in Support of Search Warrant (Docket No. 1-1 in each matter), as well as the sealing motions (Docket Nos. 9, 16 in 20mj782 and Nos. 11, 14 in 20 mj794). Specifically, these documents contain sensitive information that, if made public, has the potential to jeopardize the safety of a confidential source and/or potential witness.[2] In particular, the Affidavit contains information about an investigation of numerous members and associates of La Cosa Nostra, and includes descriptions of the government's investigative techniques, including covert techniques, physical surveillance and other techniques, as well as evidence collected during the investigation. The Affidavit also identifies one or more victims as well as uncharged targets. As noted above, certain targets in the investigation have been arrested and charged in another district; the prosecution is continuing and has not concluded. Additionally, there is a continuing potential for danger because the Affidavit provides sufficient information about an unnamed confidential source that, if the Affidavit is unsealed, individuals who know those involved in the criminal activity would be able to identify the source. The confidential source has previously been physically threatened on at least one occasion. Accordingly, disclosure of the Affidavit could place one or more individuals in physical danger. The sealing motions also contain information which could lead to identification of the

---

[2] While the fact that a residence was searched pursuant to a warrant is known, the underlying facts upon which Warrant-1 and Warrant-2 were obtained are not public.

confidential source. In light of these factors, the presumption of access to the Affidavit and sealing motions is outweighed by the countervailing factors in favor of the continued sealing requested herein. Accordingly, the government is requesting that the unredacted Affidavit (Docket No. 1-1) and sealing motions (Docket Nos. 9, 16 in 20mj782, and Nos. 11, 14 in 20 mj794) remain under seal. This sealing would be narrowly tailored and designed to address the compelling interests described above. Consistent with the need to narrowly tailor the continued sealing, the government seeks authorization from this court to publicly file a redacted version of the Affidavit on the docket. Further, in connection with the indicted case in another district, the government seeks authorization to provide a copy of the Affidavit and sealing motions to defense counsel (via government counsel in that case) in order to comply with the government's discovery obligations in that case.

A proposed order is attached.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Anastasia E. King*
ANASTASIA E. KING
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct24192
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700